UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA 2020 APR -2 PM 1:50

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

JANE G. CHARLES )
7147 Old Kings Road South, Apt. K81 )
Jacksonville, Florida 32217 )
)
Plaintiff, )
) Case Number: 3:20-cv-341-MMH-JRK
)
)
v. )
)
UNDER HILL STAFFING HEALTH SERVICES )
3515 Hendricks Avenue )
Jacksonville, Florida 32207 )
)
Defendant. )

## COMPLAINT

NOW COMES the plaintiff, Jane G. Charles ("Charles" or "Plaintiff"), and files her Complaint for discrimination and states as follows:

### I. INTRODUCTION

1. The Plaintiff, Jane G. Charles, a Black female of St. Lucian descent, brings this action Pro Se seeking damages against Underhill Staffing Health Services ("Underhill or "Company") for committing violations of Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., providing for relief against discrimination based on gender and the creation of a hostile work environment; for violations of 42 U.S.C. §1981, as amended, and the Civil Rights Act of 1991, 42 U.S.C. §1981a, as amended; for violations of §704(a) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3(a), and 42 U.S.C. §1981, as amended which prohibit retaliation against an employee for pursuing her civil rights.

1

2. Plaintiff seeks compensatory and punitive damages and injunctive and declaratory relief to secure the protection of and redress the deprivation of rights granted to her by the laws of the United States of America. She also seeks compensatory and punitive damages, attorneys' fees and costs for violations of rights secured under the Constitution of the United States of America.

## II. JURISDICTION

3. The jurisdiction of this Court over these parties and this action is invoked under 42 U.S.C. § 2000e, et seq., and 28 U.S.C. §§ 1331 and 1343 (4), this being an action authorized by law to redress the deprivation of a civil right.

## III. VENUE

4. Venue is proper with this Court because the cause of action arose in this District.

## IV. PARTIES

5. Plaintiff, Ms. Charles, is an individual who resides in Duval, Florida. Ms. Charles worked for Underhill and South East. Ms. Charles is of foreign decent.

6. Defendant, Underhill, is a corporation formed under the laws of Florida and does business in Duval county of Florida. Underhill employed Ms. Charles.

## V. ADMINISTRATIVE PROCEDURES

7. Plaintiff has exhausted all of her administrative procedures as mandated in Title VII. Plaintiff filed a timely claim with the U.S. Equal Employment Opportunity Commission ("EEOC"), which issued Plaintiff a right to sue letter, which was received by Plaintiff on or about January 19, 2020. A copy of the right to sue letter is attached hereto as Exhibit A.

## VI. STATAEMENT OF FACTS

8. On or about 2010, Underhill hired Ms. Charles as a Certified Home Health Aide.

9. On or about May 13, 2013, Ms. Charles began working jointly for South East and Underhill.

10. Ms. Charles worked as a Certified Home Health Aide to provide health care services to patients of Underhill and South East.

11. On or about April 2014, Underhill and South East assigned Ms. Charles to a residence at 8940 Yeoman Court, Jacksonville, Florida 32208, ("the Residence") to Mr. Hayes sister.

12. On or about 2014, Underhill and South East were on notice that health care workers were subject to harassment at the Residence.

13. Underhill and South East did not provide any warning to Ms. Charles.

14. Underhill and South East did not undertake any additional security measures for Ms. Charles or other health care workers at the Residence.

15. On or about April 18, 2014, while on Ms. Charles' official duty as a Certified Home Health Aide at the Residence, Mr. Hayes sexual assaulted and battered Ms. Charles.

16. Ms. Charles suffered severe psychological damages and physical damages as a result of the sexual assault and battery.

17. Immediately after the assault and battery, Ms. Charles contacted Underhill seeking care and workers compensation to see a doctor

18. Underhill denied providing Ms. Charles workers compensation and a doctor. was written up by her Supervisor as per her agreement with defendant South East to report all injury to her supervisor.

19. Underhill and South East discharged Ms. Charles for requesting workers compensation.

20. Ms. Charles sought care at the Jacksonville Women Center and Mental Health Care Center for citizens at Sulzbacher.

21. Due to the failure of Underhill and South East to treat Ms. Charles, Ms. Charles conditions worsened and this resulted in a slip and fall and injured Ms. Charles' neck, back, fracture ankle, and split disc in her tail bone, major depression, major anxiety, PTSD.

22. Ms. Charles is totally disabled as a result of the sexual assault and battery and resulting foreseeable events.

23. Ms. Charles was prescribed medication for mental health and pain.

24. Ms. Charles timely made a workers' compensation claim to Underhill and South East.

25. Ms. Charles timely filed a complaint with the Jacksonville Human Rights Commission and the Equal Employment Opportunity Commission for workplace discrimination.

26. Ms. Charles received a notice of right to sue and has timely filed the cause of actions for workplace discrimination.

27. All conditions precedent have been waived or otherwise fulfilled.

28. At all times, the employees of Underhill mentioned herein were acting within the scope of their employment, and Underhill is responsible for the actions and conduct of those employees.

29. As a result of Underhill's unlawful acts, the Plaintiff has suffered loss of income, loss of fringe benefits and job security and other losses.

30. Also as a result of Underhill's unlawful acts, the Plaintiff has suffered humiliation, embarrassment, mental and emotional distress and anguish, loss of self esteem and harm to personal and business reputation.

31. The aforesaid acts of the Defendant Underhill and its employees were done maliciously, willfully and with reckless disregard of the Plaintiff's rights.

## VII. STATEMENT OF COUNTS

**COUNT I- GENDER DISCRIMINATION**

32. Plaintiff re-pleads and re-alleges Paragraphs 1-31 above as if fully set forth, and in addition, states that the facts as alleged above constitute unlawful discrimination against Plaintiff based on her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

**COUNT II-    HOSTILE WORK ENVIRONMENT**

33. Plaintiff re-pleads and re-alleges Paragraphs 1-32 above as if fully set forth, and in addition, states that the facts as alleged above constitute the creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

34. Defendant created a hostile work environment and engaged in a pattern of discrimination which included constant verbal abuse and very degrading insults.

35. The conduct of the Defendant and its employees had an objective and subjective psychological affect on the Plaintiff and on the Plaintiff's ability to work and to carry out the functions of her job. Defendant's conduct was perverse, severe and on-going.

36. As a result of Defendant's conduct, the Plaintiff was required to seek medical

5

treatment for trauma, depression and for other physical and mental injuries for which she is still being treated.

37. The Defendant took no action to cause the cessation of the hostile work environment, and contributed to the on-going hostile environment.

38. The Defendant had a responsibility to make sure that the Plaintiff work environment was safe and to protect the Plaintiff form violence in the work place. Defendant failed in its responsibilities when it ignored Plaintiff's complaints about the unsafe work environment.

## COUNT III- RETALIATION IN VIOLATION OF TITLE VII

39. Plaintiff re-pleads and re-alleges Paragraphs 1-38 above as if fully set forth and in addition states that the facts as alleged above constitute retaliation in violation of 42 U.S.C. §2000e-3 (a).

40. Through the above-mentioned conduct Defendant retaliated against Plaintiff because she reported the discriminatory conduct of her supervisors to Perils Johnson.

41. Defendant unlawfully retaliated against Plaintiff because she opposed conduct which was made an unlawful practice by Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e, et. seq., in violation of § 704 of Title VII, including insisting that she be treated fairly without regard to her gender and her national origin and with respect to her termination and job duties.

## COUNT IV- DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 1981 AND 1981a, AS AMENDED

42. Plaintiff re-pleads and re-alleges Paragraphs 1-41 above as if fully set forth, and in addition, states that the facts as alleged above constitute discrimination, based on race, and disparate treatment in violation of 42 U.S.C. §1981, as amended, which prohibits discrimination on the basis of race. But for her race, the Plaintiff would not have been terminated or treated differently.

43. The racial discrimination practiced by Underhill deprived the Plaintiff of the equal benefit of the law and interfered with the Plaintiff's employment in violation of 42 U.S.C. §1981, as

amended.

## COUNT V- RETALIATION IN VIOLATION OF SECTION 1981 AS AMENDED

44.     Plaintiff re-pleads and re-alleges Paragraphs 1-43 above as if fully set forth, and in addition, states that the facts as alleged above constitute retaliation in violation of 42 U.S.C. §1981, as amended, which prohibits retaliation on the basis of race. But for her race, the Plaintiff would not have been retaliated against.

45.     The racial discrimination practiced by Underhill deprived the Plaintiff of the equal benefit of the law and interfered with the Plaintiff's employment in violation of 42 U.S.C. §1981, as amended.

### VIII.    PRAYER FOR RELIEF

46.     Wherefore, Plaintiff prays for a judgment in her favor and against the defendant, and that the following relief be awarded to the plaintiff:

1)      Issue a declaratory judgment that defendant's acts, policies and practices complained of herein violated plaintiff's rights as secured by 42 U.S.C. §2000e et seq.

2)      Issue a preliminary and permanent injunction:

(a)     Prohibiting defendant, its agents and employees and those acting in concert with them from engaging in any other acts or practices shown to discriminate against the plaintiff and similarly- situated individuals;

3)      Front pay and back pay

4)      On Count I for gender discrimination of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., compensatory damages in the amount of $300,000; and punitive

damages as awarded by the jury.

5) On Count II for the creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended, and 42 U.S.C. § 1981, as amended, compensatory damages in the amount of $500,000; and punitive damages as awarded by the jury.

6) On Count III for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended, and 42 U.S.C. § 1981, as amended, compensatory damages in the amount of $300,000 and punitive damages in the amounts as found by a jury.

7) On Count IV for violation for 42 U.S.C. § 1981, as amended, compensatory damages in the amount of $500,000 and punitive damages in the amounts as found by a jury.

8) On Count IV for retaliation in violation for 42 U.S.C. § 1981, as amended, compensatory damages in the amount of $500,000 and punitive damages in the amounts as found by a jury.

9) Attorney's fees and costs.

10) Grant such additional relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff hereby demands a jury trial on each and every count.

Respectfully submitted,

JANE G. CHARLES
Pro Se


_____
Jane G. Charles
7147 Old Kings Highway
Apt K 81
Jacksonville, Florida 32217
(423) 803-7771