United States District Court
Middle District of Florida
Jacksonville Division

**JANE G. CHARLES,**

 *Plaintiff,*

v.               NO. 3:20-cv-341-J-34PDB

**UNDERHILL STAFFING HEALTH SERVICE,**

 *Defendant.*

## Order

  Jane Charles, proceeding without a lawyer, filed a complaint and a motion to proceed in forma pauperis ("IFP"). Docs. 1, 2. The Court took the motion under advisement and directed her to file an amended complaint, which she did. Docs. 4, 7. The Court granted the motion, permitted her to proceed IFP, directed the clerk to send her the required forms, and directed her to return the completed forms with a copy of the amended complaint and exhibits by July 16, 2020, for forwarding to the United States Marshal for service. Doc. 9. She timely complied, and the Marshal served Underhill Staffing Health Service on July 31, 2020, Doc. 12. Underhill filed a motion to dismiss the amended complaint on August 21, 2020. Doc. 13. Underhill's counsel states she mailed a copy of the motion to dismiss to Ms. Charles the same day. Doc. 13 at 24. Ms. Charles filed a document titled "Clerk Entry of Default Agai[n]st Underhill Staffing Defendant" three days later. Doc. 15.

  In the document, Ms. Charles contends Underhill failed to timely respond to the complaint (listing both 21 and 20 days as the response time) and requests the clerk enter default and default judgment in the amount of $300,000 for each claim, totaling $2,100,000. Doc. 15. The Court construes the document as a motion for default and default judgment.

Federal Rule of Civil Procedure 12 provides, "A defendant must serve an answer … within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). "Service" includes mailing a document "to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Rule 55 provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

Underhill had until August 21, 2020—21 days from the service of the complaint and summons (July 31, 2020)—to respond to the amended complaint.* Underhill filed on the docket and mailed the motion to dismiss on August 21, 2020, making the response timely. There is no basis for default, and without default there is no basis for default judgment. The Court **denies** the motion, Doc. 15.

**Ordered** in Jacksonville, Florida, on August 28, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*The deadline is determined by "exclud[ing] the day of the event that triggers the period; count[ing] every day, including intermediate Saturdays, Sundays, and legal holidays; and includ[ing] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(A)–(C).

2

c:      Jane G. Charles
        7147 Old Kings Road S.
        Apt. K-81
        Jacksonville, FL 32217